UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR T. BURTON, #495156,

        Plaintiff,

v.

CASE NO. 20-13104
HONORABLE MARK A. GOLDSMITH

MICHIGAN DEP'T OF CORR., et al.,

        Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

**I.   INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Lamar Burton ("Plaintiff"), currently confined at the Ionia Correctional Facility in Ionia, Michigan, alleges that he was assaulted by a corrections officer in May, 2019 while confined at the Macomb Correctional Facility in Lenox, Township (New Haven), Michigan,[1] that the action was retaliatory, and that prison officials conspired against him and denied his grievances. ECF No. 1, PageID.3-5. He names the Michigan Department of Corrections ("MDOC"), Warden P. Warren, Corrections Officers Rabish and Lauzon, Grievance Coordinator E. Taylor, Inspector Holcomb, Grievance Manager Richard Russell, Resident Unit Manager Williams, and Prison Counselor Hinojosa as the defendants in this action, ECF No. 1, PageID.1, and seeks monetary damages and other appropriate relief. ECF No. 1, PageID.6. The Court has granted Plaintiff leave to proceed without prepayment

---

[1] Plaintiff also references a February, 2019 assault by two Macomb corrections officers and alleges a lack of medical care, but does not name those officers or any medical personnel as defendants in this case. ECF No. 1, PageID.2. Accordingly, the Court shall not consider such matters as part of his current complaint.

of the filing fees for this action pursuant to 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Given this liberal pleading standard, the Court finds that the civil rights complaint is subject to dismissal in part.

Plaintiff's complaint against the MDOC must be dismissed, as well as his claims for monetary damages against the other defendants in their official capacities. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that governmental departments and agencies, such as the MDOC, are not persons or legal entities subject to suit under 42 U.S.C. § 1983. Harrison v. Michigan, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law); Rodgers v. Michigan Dep't of Corr., 29 F. App'x. 259, 260 (6th Cir. 2002). Consequently, Plaintiff's complaint against the MDOC as an entity must be dismissed.

Additionally, the Eleventh Amendment to the United States Constitution bars civil rights

actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979); Chaz Const., LLC v. Codell, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Because the MDOC is an administrative agency within the Michigan government, it is entitled to Eleventh Amendment immunity. Harrison, 722 F.3d at 771 (citing cases); Horton v. Martin, 137 F. App'x 773, 775 (6th Cir. 2005). The other defendants, who are employees of the MDOC and who are presumably sued (in part) in their official capacities, are also entitled to Eleventh Amendment immunity on Plaintiff's claim for monetary damages. Will, 491 U.S. at 70-71. Official-capacity actions against state officials are treated as a suit against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Consequently, Plaintiff's complaint against the MDOC and his claim for damages against the other defendants in their official capacities must be dismissed.

Plaintiff's claims against defendants Warren, Taylor, Holcomb, Lauzon, Russell, Williams, and Hinojosa must be dismissed because he fails to state claims upon which relief may be granted

against them in his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. Monell v. Department of Social Svs., 436 U.S. 658, 691-92 (1978); Turner v. City of Taylor, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). In this case, Plaintiff lists defendant Hinojosa as a defendant, but does not make any specific allegations against her. ECF No. 1, PageID.1. As to defendant Lauzon, Plaintiff alleges that Lauzon witnessed the assault by defendant Rabish, but did not act nor report it. ECF No. 1, PageID.4. Plaintiff does not allege facts to show what, if anything, those defendants personally did or did not do to engage in unconstitutional conduct and violate his constitutional rights.

As to defendants Warren, Taylor, Holcomb, Russell, and Williams, Plaintiff alleges that they denied his grievances and complaints. ECF No. 1, PageID.5. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While the First Amendment guarantees a prisoner's right to file grievances against prison officials, Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000), it does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. Smith v. Arkansas State Hwy. Employees, Local 1315, 441 U.S. 463, 464-65 (1979); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. Walker v. Michigan Dep't of

5

Corr., 128 F. App'x 441, 445 (6th Cir. 2005); Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, to the extent that Plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted in his complaint. See Carlton v. Jondreau, 76 F. App'x 642, 644 (6th Cir. 2003); Proctor v. Applegate, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Furthermore, any assertion that one or more of the defendants failed to supervise another employee, should be vicariously liable for another employee's conduct, erred in denying his grievances, and/or did not properly respond to his complaints is insufficient to state a civil rights claim. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Martin v. Harvey, 14 F. App'x 307, 309 (6th Cir. 2001).

Plaintiff also asserts that the defendants conspired against him. ECF No. 1, PageID.4-5. To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985); see also Memphis, TN Area Local v. City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. In this case, Plaintiff's conspiracy allegations are conclusory and vague. Conclusory allegations are insufficient to state a civil rights claim under § 1983. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57; Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-91 (6th Cir. 2009), including a conspiracy claim. Horton v. Martin, 137 F. App'x 773 (6th Cir. 2005); Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff fails to allege sufficient facts to state a conspiracy claim in his complaint.

Lastly, construing the complaint liberally, the Court finds that Plaintiff's claims against defendant Rabish regarding the alleged assault and retaliation are not subject to summary dismissal and survive the Court's initial screening process. While Plaintiff may or may not ultimately prevail on such matters, he pleads sufficient facts to state potential claims for relief.

### III. CONCLUSION

For the reasons stated, the Court concludes that the MDOC is not subject to suit in this action and is entitled to Eleventh Amendment immunity as an arm of the state, that the defendants are entitled to Eleventh Amendment on Plaintiff's claims for monetary damages against them in their official capacities as state employees, and that Plaintiff fails to state claims upon which relief may be granted under § 1983 against defendants Warren, Taylor, Holcomb, Lauzon, Russell, Williams, and Hinojosa. Accordingly, the Court dismisses with prejudice the complaint and claims against those defendants.

Additionally, the Court concludes that Plaintiff's claims against defendant Rabish regarding the alleged assault and retaliation are not subject to summary dismissal and survive the Court's initial screening process.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: December 30, 2020  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2020.

s/Karri Sandusky  
Case Manager
